IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| vs. | ) |
| | ) Case No. 21-cr-40030-SMY |
| GLEN L. GRISSETT, | ) |
| | ) |
| **Defendant.** | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

This matter is before the Court for consideration of Defendant Glen L. Grissett's motion requesting that the Court order the United States Probation Office to prepare a presentence investigation report ("PSR") prior to a change of plea or other adjudication of guilt (Doc. 25). The Government does not object.

Defendant asserts that he has juvenile cases which could qualify as predicate offenses for Armed Career Criminal or Career Offender enhancements. Defendant further asserts that a pre-plea PSR would allow him to be fully aware of the recommended sentencing guidelines range, which would assist him in making informed decisions on how to proceed in his case given the potentially high range.

The preparation and use of a presentence investigation report is governed by 18 U.S.C. § 3552 and Fed. R. Crim. P. 32. The primary purpose of a PSR is to assist the Court in sentencing the defendant and making recommendations for correctional treatment. Under Rule 11(c)(3)(A), the Court may also review a PSR in order to determine whether to accept the type of plea agreement specified in Rule 11(c)(1)(A) or (C). The Bureau of Prisons also uses the PSR to determine the appropriate correctional facility in which to place the defendant and his

classification within that facility. Neither the statute nor the rules expressly authorize the use of a PSR for any other purpose, such as facilitating plea negotiations.

Arguably, Rule 32 permits the preparation of a presentence report prior to a plea agreement. Specifically, Rule 32(e)(1) provides:

> **(e) Disclosing the Report and Recommendation.**
>
> **(1) Time to Disclose.** Unless the defendant has consented in writing, the probation officer must not submit a presentence report to the court or disclose its contents to anyone until the defendant has pleaded guilty or nolo contendere, or has been found guilty.

As such, the rule protects against non-consensual disclosure of a PSR to the Court or "anyone" prior to a guilty plea or finding of guilt.

While the protection against pre-plea disclosure suggests that the pre-plea creation of a PSR is permissible, the rule does not indicate why a PSR might be created prior to the entry of a plea of guilty, to what purposes such a report might legitimately be put, or whether such a report may be created and disclosed even before a plea agreement is reached. In other words, there is no express authority for the creation of a PSR prior to a plea agreement. Moreover, there is nothing in the statute or rules that indicate the Court can order the Probation Office to prepare a PSR to assist a defendant in deciding whether to plea or to proceed to trial, as Defendant requests. Thus, even assuming the Court has the authority to order a pre-plea PSR, it declines to do so under the circumstances.

In the alternative, the Court could direct the probation office to prepare guidelines calculations only. But that is also be problematic. First, the preparation of a pre-plea PSR may create expectations about a tentative guideline sentencing range that could vary considerably from the range ultimately used at sentencing. This in turn could lead to claims that the plea was

not knowing and voluntary or, if the defendant declines to plead guilty, claims of government misconduct if the government subsequently changes any of its factual or legal positions.

Second, Rule 11(c)(1) strictly prohibits the Court from participating in plea negotiations. Here, the stated purpose of Defendant's request is to facilitate his decision whether to plead or proceed to trial. The Court is reluctant to interject its authority, even if only slightly, into that process.

Accordingly, and for the foregoing reasons, Defendant's Motion for Pre-Plea/Conviction Presentence Report (Doc. 25) is **DENIED**.

**IT IS SO ORDERED.**

**DATE:  September 16, 2021**

*Staci M. Yandle*

**STACI M. YANDLE
UNITED STATES DISTRICT JUDGE**